UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| REDAPT INC., <br><br> Plaintiff, <br><br> v. <br><br> PETER PARKER, <br><br> Defendant. | CASE NO. 2:20-cv-00862-JLR-JRC <br><br> REPORT AND RECOMMENDATION <br><br> NOTED FOR: March 26, 2021 |

The District Court has referred this matter to the undersigned. Before the Court is defendant's motion to compel arbitration and stay the proceedings. Dkt. 27. The motion to compel arbitration should be granted.

Plaintiff is a technology solutions provider bringing claims against a former employee. *See* Dkt. 1, at 1–2. Plaintiff claims that shortly before leaving plaintiff's employment, defendant accessed and copied a confidential customer relations management database, and plaintiff fears that defendant has transferred—or will transfer—this information to plaintiff's competitors. *See* Dkt. 1. Plaintiff brings claims for injunctive relief and damages against defendant under 18

U.S.C. § 1836 (the Defend Trade Secrets Act) for misappropriation of confidential information and under state law for misappropriation of confidential information, breach of contract and the duty of loyalty in a confidential relationship, and conversion. Dkt. 1, at 6–8. The parties have stipulated to a preliminary injunction barring defendant from disclosing or using the database and requiring defendant to preserve relevant evidence. *See* Dkt. 22; *see also* Dkt. 17, at 13. Trial of this matter is set for December 6, 2021. *See* Dkt. 26.

Both plaintiff and defendant agree that all claims should be transferred to arbitration. *See* Dkt. 31, at 2 ("[Plaintiff] has no objection to the transfer of this matter to arbitration and to stay further action in this matter. . . ."); Dkt. 32, at 2 (defendant's statement that "[t]his entire matter must be transferred to arbitration"). Therefore, the Court should order all claims to be transferred to arbitration.

Plaintiff asserts that "the arbitration provision is arguably not triggered" with regard to the federal claim for misappropriation of a trade secret. Dkt. 31, at 2. But plaintiff states that it "[n]evertheless" does not object to transferring the federal claim to arbitration with the state claims. Dkt. 31, at 2. Moreover, plaintiff "opposes any modification of" the preliminary injunction currently in place pending the conclusion of arbitration. Dkt. 31, at 3. Defendant responds that he does not "request the Court remove or alter the preliminary injunction in this matter[.]" Dkt. 32, at 1. Therefore, regarding this issue, too, the parties are in agreement. The terms of the preliminary injunction preventing defendant from divulging or using the database, or destroying evidence, remain unaffected.

Therefore, for the reasons set forth above, the Court recommends granting the motion to compel arbitration and transferring all claims to arbitration. This matter should be stayed until

1 | arbitration has been completed, and all pending deadlines should be stricken. The parties should
2 | be required to file a status report every six months to update the Court on the status of the matter.
3 |       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
4 | fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
5 | 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
6 | review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver
7 | of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*
8 | *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit
9 | imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 26,**
10 | **2021,** as noted in the caption.
11 |       Dated this 5th day of March, 2021.

                    J. Richard Creatura
                    United States Magistrate Judge